UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEVEN BUTLER,<br><br>                              Petitioner,<br>    vs.<br><br>L.E. SCRIBNER, Warden, et al.,<br><br>                              Respondent. | CASE NO. 06-CV-1296-W (POR)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**<br>**(Doc No. 38.)** |

On June 20, 2006, Petitioner Christopher Steven Butler ("Petitioner"), a state prisoner proceeding *pro se*, commenced habeas corpus proceedings pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On July 22, 2008, United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report") recommending that the Court deny Petitioner's habeas request on the merits. (Doc. No. 34.) On August 22, 2008, Petitioner filed Objections to the Report ("Objection"). (Doc. No. 35.) And on October 10, 2008, the Court denied Petitioner's habeas petition in its entirety. (Doc. No. 36.)

Pending before the Court is Petitioner's Application for Certificate of Appealability ("COA"). (Doc. No. 20.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's Application.

## I. BACKGROUND

Petitioner was tried in San Diego Superior Court on eight charges stemming from his involvement in a bank robbery. (*Report* at 2.) During that proceeding, the trial court required Petitioner to wear a stun belt under his clothing. (*Report* at 5.) On July 1, 2002, the jury convicted Petitioner of two counts of kidnapping for ransom, conspiracy to kidnap the bank manager for the purpose of robbery, and robbery. (Doc. No. 1.) The jury deadlocked on the remaining four counts of kidnapping the bank manager to commit robbery, two counts of robbery of the bank manager, and residential burglary. (*Report* at 4.) The trial court sentenced Petitioner to three consecutive life terms plus sixty-four years. (*Report* at 5.)

Following his conviction and sentence, Petitioner directly appealed to the California Court of Appeal on three grounds: (1) that the trial court erred in failing to instruct the jurors on the required specific intent element of conspiracy to commit kidnapping for robbery; (2) that the trial court abused its discretion when it required Petitioner to wear a stun belt in court; and (3) that the trial court violated Petitioner's Sixth Amendment right to a jury trial when it imposed an upper term sentence for his robbery conviction based on aggravating factors not found by the jury. (*Report* at 5.) The Court of Appeal reversed Petitioner's conviction for conspiracy to commit kidnapping based on the trial court's failure to give proper jury instructions. (*Report* at 5.) The court also granted Petitioner's claim that he was sentenced in violation of his Sixth Amendment right in light of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004) (holding that any facts used to increase a defendant's sentence must be found by the jury beyond a reasonable doubt). (*Report* at 5.) However, the court rejected Petitioner's claim that the trial court denied him a fair trial by requiring him to wear a stun belt. (*Report* at 5.)

Petitioner then filed a petition for review before the California Supreme Court on the stun belt issue. (*Report* at 6.) The government also filed a petition for review as to whether Blakely applied to the issuance of upper-term sentences under California's

sentencing scheme. (*Report* at 6.) The California Supreme Court denied Petitioner's motion for review, but granted and deferred the government's petition pending the disposition of two related cases involving similar Blakely issues. (*Report* at 6.)

On June 20, 2005, the California Supreme Court ruled that the state's sentencing laws did not violate the Sixth Amendment. People v. Black, 35 Cal. 4th 1238 (2005), vacated, 127 S.Ct. 1210 (2007). (*Report* at 6.) On September 7, 2005, the California Supreme Court remanded Petitioner's case to the Court of Appeal with directions to vacate its decision and reconsider Petitioner's sentence in light of the Black decision. (*Report* at 6.) On remand, the Court of Appeal found that Petitioner's sentence did not violate his Sixth Amendment right. (*Report* at 6.) The Court of Appeal then remanded the matter to the trial court for re-sentencing based on its reversal of the conspiracy to commit kidnapping charge. (*Report* at 6.) Petitioner filed a petition for review of the Court of Appeal's decision to the California Supreme Court, which was denied without comment. (*Report* at 6.) On remand, the Superior Court reversed one of Petitioner's life sentences for the conspiracy to commit kidnapping charge but confirmed the sentences for the remaining convictions. (*Report* at 6.)

On June 29, 2006, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court challenging the procedure by which he was re-sentenced. (*Report* at 6–7.) Petitioner claimed ineffective assistance of counsel and that the trial court violated his right to receive notice of, and be present at, his re-sentencing hearing. (*Report* at 7.) On September 1, 2006, the Superior Court rejected Petitioner's claims and denied his petition. (*Report* at 7.) Petitioner filed a second petition for writ of habeas at the California Court of Appeal alleging the same claims, which was denied on the merits. (*Report* at 7-8.) On February 9, 2007, Petitioner filed a third petition for writ of habeas corpus at the California Supreme Court, alleging the same claims and also that his due process rights were violated when the trial court conducted the re-sentencing hearing in his absence. (*Report* at 8.) On July 11, 2007 the California Supreme Court denied the petition without comment. (*Report* at 8.)

On June 20, 2006 Petitioner filed a federal petition for writ of habeas corpus. (*Report* at 8.) On September 14, 2007 Petitioner filed a First Amended Petition (the "Petition"). (Doc. No. 25.) On October 10, 2008, the Court denied Petitioner's habeas petition in its entirety. (Doc. No. 36.) And on November 3, 2008, Petitioner filed the instant request for a COA. (Doc. No. 38.)

## II.  LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III.  DISCUSSION

Petitioner argues that four issues warrant a COA in this case: (1) whether the District Court erred by failing to grant an evidentiary hearing based on his claims of ineffective assistance of counsel in regards to his attorney's waiver of his presence at the

1 re-sentencing hearing; (2) whether that same waiver of his presence was a violation of
2 constitutional right of due process; (3) whether his rights to a fair trial were violated by
3 the stun belt requirement; and (4) whether his constitutional rights were violated by the
4 imposition of the upper term and consecutive sentencing in his case. (*Application* at 3.)
5 The Court will consider each issue in turn and concludes that Petitioner has not made
6 a substantial showing of a denial of any constitutional right.

### A.  Ineffective Assistance of Counsel

Petitioner claims that his constitutional rights were violated when trial counsel waived his right to be present at his re-sentencing hearing without his consent. (*Application* at 5–7.)  This Court rejected that argument and found that his counsel's waiver was within the wide range of professional competence, and that Petitioner's presence would have had no effect on the outcome of the hearing. (Doc. No. 36 at 6–7.) Petitioner objects to those findings and has requested a COA on this issue.

In the Application, Petitioner argues that the Report highlights that the ineffective assistance of counsel claim was not completely addressed by the California Court of Appeal and that this Court does not have jurisdiction to expand that analysis. (*Application* at 5:17–27.)  Specifically, Petitioner is referring to the California Court of Appeal's finding although Petitioner was absent from the hearing, there was no evidence to support his claim that this was due to a waiver by counsel. (*Report* at 11.)  In contrast, Petitioner has now provided the Court with a letter drafted by the presiding Superior Court judge informing him of counsel's waiver of his presence at the re-sentencing hearing. (*Petition Exh B*.)  This Court does have jurisdiction to analyze the federal legal question presented and has examined the letter.

To establish a claim of ineffective assistance of counsel, a party must prove that "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997) (citing Strickland Washington, 466 U.S. 668 (1984) A counsel's performance is deficient if it

falls below an objective standard of reasonableness under the circumstances, to be determined by prevailing professional norms. Strickland, 466 U.S. at 687. Competence is presumed, and the petitioner must rebut this presumption by showing that counsel was objectively unreasonable. Belmontes v. Ayers, 529 F.3d 834, 856 (9th Cir. 2008).

Applied to the instant case, this Court explained that while Petitioner alleged that his trial counsel failed to inform him of his re-sentencing hearing, he had not specifically alleged how his counsel's representation in this regard was unreasonable, nor how it prejudiced his defense. (Doc. No. 36 at 7:10–12.) Petitioner's only rebuttal to this conclusion is that he "could have pointed out the fact that the court did not have jurisdiction to sentence him...." (*Application* at 6:27–28.) But the Superior Court's jurisdiction in this matter was never in question. In fact, the remand from the Court of Appeal had given the Superior Court specific jurisdiction, including detailed instructions, in regards to the re-sentencing. Thus, Petitioner's challenge does not implicate this Court's Strickland analysis in regards to reasonableness.

A petitioner must also show that counsel's performance was so deficient that it prejudiced his defense. Strickland, 466 U.S. at 694. To establish prejudice, the petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors," the proceeding would have resulted differently. Belmontes, 529 F.3d at 863 (quoting Strickland, 466 U.S. at 694.). A court may reject a petitioner's claim upon finding that either counsel's behavior was reasonable or that the error was not prejudicial. Strickland, 466 U.S. at 694.

Here, this Court found that even if his counsel's waiver was found to be unreasonable he was still not prejudiced because his presence would have had no effect on the outcome. (Doc. No. 36 at 7:15–17.) The California Court of Appeal made the same finding. Specifically, the Court of Appeal cited California case law for the proposition that "on remand with directions, after a judgment on appeal, the trial court has jurisdiction only to follow the directions of the appellate court; it cannot modify, or add to, those directions." (*Lodgment* 15; citing People v. Oppenheimer, 236 Cal.App.2d

1  863, 865–866 (1965).) And as such, it was concluded that "Butler's presence would
2  have added nothing because the trial court had jurisdiction only to enter the exact
3  sentence as directed by this court." (*Lodgment* 15.)

4  Petitioner argues that he was prejudiced by not being allowed to make the
5  jurisdictional challenge. However, the letter Petitioner provided from Judge Weber
6  confirms what the Court of Appeal had already explained in regards to the re-
7  sentencing. (*Petition Exh B*) Judge Weber wrote, in relevant part, "Only count one was
8  reversed by the Court of Appeal, and that count was essentially running concurrent with
9  the other life counts with which you were convicted." (*Id*.) In sum, nothing could have
10  changed in regards to Petitioner's period of incarceration. Thus, Petitioner has failed
11  to establish he was prejudiced.

12  Moreover, when viewed in the light of the relevant standard of review, Petitioner
13  has not made a substantial showing that reasonable jurists would find the Court's
14  assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484.
15  Accordingly, the Court **DENIES** Petitioner's request for a COA on his first issue.

16

17  **B.     Violation of Right to be Present at Re-sentencing Hearing**

18  Petitioner also asserts that his due process rights were violated when the re-
19  sentencing was conducted outside of his presence. This Court rejected that argument
20  and found that Petitioner's presence at the re-sentencing hearing was not
21  constitutionally required because his appearance would not have affected the outcome
22  of the proceeding. (Doc. No. 36 at 7–8.) Petitioner objects to that finding.

23  Clearly established United States Supreme Court precedent does provide that a
24  defendant has the right to be present at any critical stage of a criminal proceeding if his
25  presence would contribute to the fairness of the procedure. Campbell v. Rice, 408 F.3d
26  1166, 1171 (9th Cir. 2005) (citing Kentucky v. Stincer, 482 U.S. 730, 745 (1987)).
27  However, the privilege of presence is not required when the "presence would be useless,
28  or the benefit but a shadow." Stincer, 482 U.S. at 745. A defendant's right to be

present is not absolute, but instead only required to the extent that fairness and justice would be thwarted by his absence. United States v. Gagnon, 470 U.S. 522, 526 (1985).

As explained in the previous section, Petitioner's presence would not have affected the outcome of the re-sentencing. The trial court only had the ability to modify Petitioner's sentence based on the Court of Appeal's specific instructions. Thus, it can not be said that Petitioner's presence would have contributed to the fairness of that procedure. Nor can it be said that Petitioner has not made a substantial showing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. Accordingly, the Court **DENIES** Petitioner's request for a COA on the second issue.

### C.     The Stun Belt and The Right to a Fair Trial

Petitioner asserts he was denied the right to a fair trial in two ways: (1) that the trial court abused its discretion when it allowed the bailiff to authorize the use of a stun belt without a court order; and (2) that the trial court denied him effective assistance of counsel by allowing counsel for the defense and the prosecution to meet outside his presence to discuss physical restraints. This Court rejected both of these challenges and found that the use of physical restraints was justified and reasonable and that Petitioner's absence from the pre-trial conference did not violate his due process rights. (Doc. 36 at 9–13.) Citing various United States Supreme Court cases, Petitioner objects to those findings and has requested a COA on these two related issues.

#### 1.     Use of physical restraints was justified and reasonable

Without explanation, Petitioner cites Holbrook v. Flynn, 475 U.S. 560 (1986) for the proposition that he was denied his right to a fair trial when he was required to wear a stun belt. In Holbrook, the Supreme Court found that a petitioner *had not* been denied his constitutional right to a fair trial when the customary security force was supplemented by four uniformed troopers sitting in the first row of the spectator section.

Id. Justice Marshall further explained that labeling these types of specific prejudices would have to be taken on a "case-by-case" approach. Id at 569.

In the instant case, Petitioner had attempted to escape from jail. (*Report* at 14.) Under current Ninth Circuit law, Petitioner's attempted escape alone justifies the use of physical restraints. See Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994) (holding that restraints are justified by the dangerous nature of an escape attempt) Additionally, prior to placing Petitioner in restraints, the trial judge considered the benefits and disadvantages of various safety measures, including requiring the defendants to wear leg chains, increasing the number of deputies, and stun belts. The judge determined that the stun belt was the least restrictive measure because juror prejudice could result from an increased bailiff presence or placing the defendants in visible chains. This level of consideration can not be labeled as unreasonable or contrary to federal law.

### 2. Absence from pre-trial conference did not violate due process

Petitioner also maintains that he was denied effective assistance of counsel and the right to be present in chambers when he was excluded from the conference between the attorneys and the judge regarding the imposition of physical restraints. This Court also rejected this argument and found that the use of the stun belt was fair and that Petitioner's presence at the hearing would not have increased its fairness. Citing Federal Rule of Criminal Procedure 43, Petitioner objects to this Court's finding and requests a COA.

As a preliminary matter, this Court has already indicated that the Federal Rules of Criminal Procedure are not applicable to Petitioner's state court proceeding. See Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."). (Doc. 36 at 9 ft.1.)

Additionally, this Court did acknowledge that a defendant has the right to be present at any critical stage of a criminal proceeding if his presence would contribute to

1  the fairness of the procedure. Campbell, 408 F.3d at 1171 (citing Stincer, 482 U.S. at
2  745). However, a defendant's right to be present is not absolute, but instead only
3  required to the extent that fairness and justice would be thwarted by his absence.
4  Gagnon, 470 U.S. at 526 (1985).

5  Petitioner's absence from the in-chambers discussions regarding safety
6  considerations could not have had an effect on the fairness of the proceeding. Prior to
7  trial, the judge decided that some safety precautions would be necessary and discussed
8  this plan in open court. The judge gave Petitioner an opportunity to voice his concerns
9  about physical restraints or juror prejudice, but he did not. Furthermore, even without
10 Petitioner's presence, the judge considered the possible prejudice that might be caused
11 by the safety restraints and chose a concealed restraint to minimize jury bias. Given this
12 level of consideration, it can not said Petitioner's presence would have affected the
13 fairness of that procedure. This issue simply does not involve any close legal questions
14 on which reasonable jurists could disagree. Accordingly, the Court **DENIES** Petitioner's
15 request for a COA on this third issue.

### D.     Improper Sentence

Finally, Petitioner argues, based on the United States Supreme Court decision in Cunningham v. California, 127 S.Ct. 856 (2007), that the upper term sentence and consecutive sentences he received were both unconstitutionally imposed. This Court previously rejected both of those arguments. (Doc. No. 36 at 13–15.)

#### 1.     Imposition of the Upper Term Was Constitutional

In support of his challenge of the upper term sentence, Petitioner cites Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) and Cunningham, 127 S.Ct. 856 (2007) for the proposition that "his upper term sentence was unauthorized." (*Application* at 9:8.) In Cunningham, the United States Supreme Court did declare that California's determinative sentencing laws violated a defendant's Sixth Amendment right to a trial

1 by a jury to the extent that they permit a judge to impose an upper term sentence based
2 on facts not found by a jury beyond a reasonable doubt or admitted to by a defendant.
3 Cunningham v. California, 127 S.Ct. 856, 868 (2007).  The court found that, except
4 for a *prior conviction*, any fact that increases the penalty for the crime beyond the
5 proscribed statutory maximum must be proved beyond a reasonable doubt to a jury.  Id.
6 at 864.  Butler makes Cunningham retroactive in the Ninth Circuit. 528 F.3d at 639.

7     In Petitioner's case, as this Court explained, the trial judge relied on seven factors
8 in imposing an upper term sentence.  Three of the factors, specifically the "high degree
9 of cruelty," "planning and sophistication," and Petitioner's "poor performance on
10 previous probation" were not submitted to and found by a jury.  Reliance solely on these
11 factors would have violated Petitioner's Sixth Amendment right to jury trial.  However,
12 the trial judge also relied on Petitioner's "use of a handgun," "taking of items with
13 significant monetary value," and Petitioner's numerous prior convictions.  These
14 questions were submitted to and found by the jury and can, under Cunningham, justify
15 an upper-term sentence.

16     Furthermore, the trial judge also had the independent ability to impose an upper
17 term sentence on Petitioner based on his prior convictions.  Cunningham at 864.
18 Because only one of the aggravating factors on which the judge relied in sentencing has
19 to be consistent with the Sixth Amendment, Petitioner's upper term sentence is more
20 than justified by the three factors properly considered by the trial judge (use of a gun,
21 "taking of items with significant monetary value," and Petitioner's prior convictions).
22 See Butler, 528 F.3d at 64.  The upper terms sentence is therefore constitutional, even
23 when considered under Cunningham and Butler.  This issue also does not involve any
24 close legal questions on which reasonable jurists could disagree.

26     **2.    Consecutive sentences do not implicate the Sixth Amendment**
27     Additionally, Petitioner's Application includes a Sixth Amendment challenge
28 regarding the imposition of consecutive sentences. (*Application* at 9.)  Citing California

1  Penal Code 1170, various California cases, and Rutledge v. U.S., 517 U.S. 292 (1996),
2  Petitioner contends that his consecutive sentences were unauthorized. (*Application* at
3  9:18–23.) This Court rejected that argument and found that the trial court's imposition
4  of consecutive sentences is a matter of California criminal procedure law and may not
5  be reviewed at a federal habeas proceeding. (Doc. No. 36 at 16:3–6.)

6  More importantly, however, the United States Supreme Court recently confirmed
7  that the imposition of consecutive sentences in state courts does not implicate the Sixth
8  Amendment right to a jury trial. Oregon v. Ice, 129 S.Ct. 71 (2009). As such,
9  Petitioner is unable to make a substantial showing that reasonable jurists would find the
10 Court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S.
11 at 484. Accordingly, the Court **DENIES** Petitioner's request for a COA on his fourth
12 and final issue.

14 **IV.   CONCLUSION AND ORDER**

15 Petitioner's Application did not raise any novel questions of law from his habeas
16 petition which were close calls or issues on which reasonable jurists could disagree. For
17 the foregoing reasons, the Court **DENIES** Petitioner's request for a Certificate of
18 Appealability.

20 **IT IS SO ORDERED**

22 DATED: March 20, 2009

_____
Hon. Thomas J. Whelan
United States District Judge